# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **ANGELICA LUJAN, INDIVIDUALLY, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF XAVIER HERNANDEZ, AND AS ADMINISTRATOR OF THE ESTATE OF XAVIER HERNANDEZ,** | § | **No. 3:26-CV-00158-LS** |
| ***Plaintiff*,** | § | |
| **v.** | § | |
| **CITY OF EL PASO, MATTHEW ABSHIER, KRISTIAN MERCADO, FRANCIS BENIQUEZ MARQUEZ, A. RAMIREZ, J. VALLES, JAMES C. MORALES, AND JOHN DOE OFFICERS 1-10,** | § | |
| ***Defendants*.** | § | |

## ORDER GRANTING DEFENDANT CITY OF EL PASO'S MOTION TO DISMISS WITH LEAVE TO AMEND

Plaintiff Angelica Lujan, on behalf of all wrongful-death beneficiaries of Xavier Hernandez, her biological son, and as the administrator of Mr. Hernandez's estate, sues Defendants for allegedly inflicting excessive and deadly force upon and discriminating on the basis of disability against Mr. Hernandez.[1] Defendant City of El Paso moved to dismiss the lawsuit under Federal Rule of Civil Procedure 12(b)(6).[2] For the reasons below, the Court grants the City's motion to dismiss with leave to amend.

[1] ECF No. 1.
[2] ECF No. 16.

## I. LEGAL STANDARD

A party may move to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] A claim is facially plausible "when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A complaint must support legal conclusions with factual allegations.[5] "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201."[6]

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[7] A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."[8] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] "'[N]aked assertions' devoid of 'further factual enhancement'" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[10]

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[4] *Id.* (quoting *Twombly*, 550 U.S. at 556).
[5] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).
[6] *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).
[7] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).
[8] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).
[9] *Twombly*, 550 U.S. at 555.
[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (holding that the Court should not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions").

## II. ANALYSIS

### *A.* Municipal Liability under 42 U.S.C. § 1983

#### 1. Liability for Municipal Policy or Custom

Under *Monell v. Department of Social Services of City of New York*,[11] "[a] municipality may be liable under section 1983 . . . if a municipal policy [or custom] caused the deprivation of a right protected by the Constitution or federal laws."[12] A plaintiff must show "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)."[13] A custom is "a persistent, widespread practice of city officials or employees which, although not authorized by officially adopted policy, is so common and well settled as to . . . fairly represent[] official municipal policy."[14] Proving a custom "is a heavy burden,"[15] requiring the plaintiff to show "similarity, specificity, and sufficiently numerous prior incidents."[16] "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts."[17]

Plaintiff attempts to assert a *Monell* claim based on several alleged municipal policies. Specifically, Plaintiff contends that the City "had or ratified the" "policies and/or practices" of "[u]sing excessive force against persons experiencing mental health crises," "[e]scalating rather than de-escalating" incidents with persons with mental illnesses, "[u]sing prone restraints against non-resisting subjects after the subject is in handcuffs," and "[r]efusing to intervene when other

[11] 436 U.S. 658 (1978).
[12] *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989) (citing *Monell*, 436 U.S. at 658).
[13] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).
[14] *McConney*, 863 F.2d at 1184.
[15] *Sanchez v. Young Cnty., Texas*, 956 F.3d 785, 793 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 901 (2020).
[16] *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 396 (5th Cir. 2017).
[17] *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

officers used excessive force."[18] But the Complaint does not identify or describe any such official City policy. Nor do the seventeen other incidents, which took place from 2012 to 2025, in which the City's police officers allegedly used excessive force on persons experiencing mental health crises establish a relevant "custom."[19] The incidents are not sufficiently numerous to constitute a custom or pattern, vary significantly in the degree of force used by the City's police officers, and lack critical factual context, such as the size of the City's police department or the number of arrests in the City.[20] Because Plaintiff has not "create[d] a reasonable inference that a policy [or custom] exists," Plaintiff has not pled a plausible *Monell* claim based on a municipal policy or custom.[21]

### 2. Liability for Failure to Train or Supervise

A municipality may also be liable under § 1983 for its failure to train or supervise its police officers. The plaintiff must show that "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."[22] "A municipality's culpability for a

---

[18] ECF No. 1 ¶ 572.

[19] *See id.* ¶¶ 108-363.

[20] *See, e.g.*, *York v. Welch*, No. 20-40580, 2024 WL 775179, at *4-5 (5th Cir. Feb. 26, 2024) (affirming district court's dismissal of *Monell* claim on the grounds that thirty alleged instances of "unauthorized use of force" or "unreasonable use of force" by a city's police department across a decade was insufficient to establish a "custom" because of the lack of "factual development and context" about "the size of the police department or how many arrests that department made"); *see also Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that twenty-seven complaints of excessive force filed in a three-year period "were insufficient to establish a pattern of excessive force," given that the department "employ[ed] more than 1,500 officers" and was responsible for responding to up to "67,000 incidents of crime in the last year alone"); *Pineda*, 291 F.3d at 329 (finding that eleven incidents of warrantless searches in Houston were insufficient to establish a custom in part because "the sample of alleged unconstitutional events is just too small").

[21] *Bond v. Nueces Cnty.*., No. 20-40050, 2022 WL 4595000, at *7 (5th Cir. Sept. 30, 2022).

[22] *Edwards v. City of Balch Springs*, 70 F.4th 302, 312 (5th Cir. 2023). To demonstrate deliberate indifference, Plaintiff must show that "in light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of

deprivation of right is at its most tenuous where the claim turns upon a failure to train."[23] "[F]or liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective."[24] "Deliberate indifference may be inferred either from a pattern of constitutional violations or, absent proof of a pattern, from 'showing a single incident with proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights.'"[25]

Plaintiff primarily alleges that the City of El Paso, and its "policymaker for policing matters," Police Chief Peter Pacillas,[26] failed to train its officers to "respond to persons experiencing mental health crises," to use "de-escalation during incidents involving persons with mental illness," to "intervene when another officer uses excessive force," and not to use "prone restraint on handcuffed subjects."[27] In support, Plaintiff cites the seventeen prior incidents of City police officers using excessive force on persons that allegedly had mental illnesses, as well as two cases in which other courts in the Western District of Texas denied summary judgment on the plaintiff's claims that the City failed to train police officers on how to respond to persons in a mental health crisis.[28]

However, Plaintiff does not plausibly plead that Defendant's training procedures were inadequate at the time of Mr. Hernandez's death.[29] The Complaint omits that Texas law requires

---

constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

[23] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[24] *Edwards*, 70 F.4th at 312.

[25] *Garza v. City of Donna*, 922 F.3d 626, 637-38 (5th Cir. 2019).

[26] ECF No. 1 ¶ 2.

[27] *Id.* ¶¶ 573, 600.

[28] *Id.* ¶¶ 182-83 (citing *Sanchez v. Gomez*, No. EP-17-cv-133, 2020 WL 1036046, at *12-14 (W.D. Tex. Mar. 3, 2020); *id.* ¶ 203-05 (citing *Ramirez v. Escajeda*, No. EP-17-cv-193, 2021 WL 3713064, at *39-41 (W.D. Tex. Aug. 20, 2021), *rev'd*, *Ramirez v. Escajeda*, 44 F.4th 287 (5th Cir. 2022)).

[29] *See Henderson v. Harris Cnty.*, 51 F.4th 125, 131 (5th Cir. 2022) (affirming district court's dismissal of failure-to-train claim that contained "no specific facts" about the municipality's custom or practices) (internal quotation marks omitted).

the City's police officers to receive training for crisis intervention, mental health incidents, and proper arrest procedures through the Texas Commission on Law Enforcement (TCOLE/TCLOSE).[30] "[W]hen officers have received training required by Texas law, the plaintiff must show that the legal minimum of training was inadequate."[31] Here, the Complaint does not contend that the TCOLE/TCLOSE training is inadequate, plausibly allege that the City's officers have not received that training, or argue that the City's training is otherwise inadequate. Rather, the Complaint only asserts in conclusory fashion that the City has failed to provide training to its officers, without elaborating on what training the City's police officers have or have not received. Importantly, the prior denials of summary judgment in related cases do not establish that the City's training of its police officers was inadequate. Rather, they hold only that a "reasonable jury *could* find" that the training was inadequate.[32] And because those decisions predated this case by several years, their conclusions may be outdated today.

Plaintiff also alleges that the City, through Chief Pacillas, failed to adequately supervise the individual officers allegedly involved in Mr. Hernandez's death by failing to train them on how to respond to persons experiencing mental health crises and how to de-escalate such incidents; on how they should not use prone restraints on handcuffed subjects; and on how to intervene when another officer uses excessive force.[33] But because Plaintiff's failure-to-train claims against the City are not adequately pled, the failure-to-supervise claim that is predicated on the failure-to-train claims necessarily fails as well.

---

[30] *See* ECF No. 16 ¶ 25 (citing *The Texas Commission on Law Enforcement Officer Standards and Education*, https://www.tcole.texas.gov/document/history_of_bpoc-2023.pdf).
[31] *Sanders-Burn v. City of Plano*, 594 F.3d 366, 381-82 (5th Cir. 2010).
[32] *Escajeda*, 2021 WL 3713064, at *39 (emphasis added).
[33] ECF No. 1 ¶ 589.

In any event, Plaintiff has not plausibly pled the City's or Chief Pacillas' "deliberate[] indifferen[ce]" to the "known and obvious consequences of these policies, practices, training and customs.[34] As explained above, Plaintiff has not shown a "pattern of violations stemming from deficient training."[35] And Plaintiff cannot allege deliberate indifference based on a single incident, because the City's police officers' mandatory training on crisis intervention, mental health incidents, and proper arrest procedures renders that "narrow" "method" of inferring deliberate indifference inapplicable.[36] Similarly, Plaintiff's assertion that Chief Pacillas was "actually aware of facts" from which to infer a substantial risk of serious harm and constitutional rights violations is devoid of any factual basis and does not survive Rule 12(b)(6) scrutiny.[37]

Because Plaintiff fails to sufficiently allege any relevant municipal policy or custom, establish the inadequacy of the City's training of its officers, or sufficiently plead deliberate indifference, the Court dismisses Plaintiff's municipal-liability claims under 42 U.S.C. § 1983 against the City.

### *B. Title II of the Americans with Disabilities Act (ADA) and the Rehabilitation Act*

Plaintiff also alleges that the City violated Title II of the ADA and the Rehabilitation Act when its police officers "appl[ied] downward force on Mr. Hernandez's neck or h[e]ld him in a chokehold after the scene was secure and when there was no need for force," and "kep[t] him in an unnecessary prone restraint and kne[lt] on his back when they would not have done so if Mr. Hernandez were not a person with a mental illness."[38]

---

[34] *Id.* ¶ 573.
[35] *Garza*, 922 F.3d at 637.
[36] *Id.* at 638 (explaining that the Court has "generally reserved the single-incident method . . . for cases in which the policymaker provides no training whatsoever with respect to the relevant constitutional duty, as opposed to training that is inadequate only as to the particular conduct that gave rise to the plaintiff's injury" (citing *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 627 (5th Cir. 2018)).
[37] ECF No. 1 ¶ 573.
[38] *Id.* ¶¶ 589, 591.

Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."[39] Similarly, the Rehabilitation Act states that no person with a disability shall, solely because of their disability, "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[40] To bring a claim under the ADA and Rehabilitation Act, a plaintiff must prove that he has a disability,[41] which is "a physical or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment," or "be[] regarded as having such an impairment."[42]

Plaintiff fails to allege sufficient facts for the court to reasonably infer that Mr. Hernandez was a qualified individual with a disability. Plaintiff claims that Mr. Hernandez "was a qualified person" under the ADA and Rehabilitation Act because "he was a person with a mental illness."[43] But the Complaint does not describe his mental illness in any detail or allege that it impaired him from undertaking any major life activity. Nor does the Complaint describe any record of such mental illness or establish that Mr. Hernandez was subjected to actions prohibited under the ADA

---

[39] 42 U.S.C. § 12132.
[40] 29 U.S.C. § 794(a).
[41] *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998).
[42] 42 U.S.C. § 12102(1). Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A); *see also Delano–Pyle v. Victoria Cnty, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) ("The language in the ADA generally tracks the language set forth in the [Rehabilitation Act]," and "[j]urisprudence interpreting either section is applicable to both.").
[43] ECF No. 1 ¶ 588.

or Rehabilitation Act because of any mental illness.[44] Accordingly, the Court dismisses Plaintiff's ADA and Rehabilitation Act claims.

### *C. Leave to Amend*

Generally, when a court dismisses a claim, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."[45] As Plaintiff may be able to cure the Complaint's defects, the Court grants Plaintiff until **October 30, 2026,** to file an amended complaint to address the foregoing deficiencies.

## III. CONCLUSION

The Court **GRANTS** the City of El Paso's Rule 12(b)(6) motion to dismiss for failure to state a claim [ECF No. 16]. The Complaint [ECF No. 1] is **DISMISSED** with respect to Defendant City of El Paso, with leave to file an Amended Complaint no later than **October 30, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 30, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[44] *See* 42 U.S.C. § 12102(3)(A).
[45] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).